RECEIVED
IN MONROE, LA
MAY 15 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SPIKE GONZALES | CIVIL ACTION NO. 07-2156 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MOREHOUSE DETENTION CENTER, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a civil rights complaint filed by *pro se* Plaintiff Spike Gonzales ("Gonzales") against Morehouse Parish Detention Center ("MDC"), Assistant Warden Isaac Brown, Nurse Pendergrass and Dr. Smith. Gonzales is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. Although he was recently moved to the Winn Correctional Center in Winnfield, Louisiana, Gonzales complains of medical care he received and his conditions of confinement when he was incarcerated at MDC. Gonzales seeks an unspecified amount of monetary damages and injunctive relief.

Specifically, Gonzales contends that Defendants Smith and Pendergrass were deliberately indifferent to his medical needs by providing improper or incorrect treatment for his psychiatric condition. Gonzales also contends that Defendants Brown and Pendergrass are responsible for conditions of confinement in which he was exposed to second-hand tobacco smoke and was denied outdoor recreation.

Magistrate Judge Hayes recommended that the Court dismiss Gonzales's medical treatment claims because his allegations were insufficient to show deliberate indifference by Defendants. She also recommended that the Court dismiss Gonzales's tobacco exposure claims

because he failed to show that his exposure rose to the unreasonably high level necessary to state an Eighth Amendment claim or violate contemporary standards of decency, and he failed to show that Defendants were deliberately indifferent to his exposure. Finally, Magistrate Judge Hayes recommended that the Court dismiss Gonzales's claim that he had been denied outdoor recreation because he had not alleged that he had been denied all exercise opportunities.

On March 31, 2008, Gonzales filed an Objection [Doc. No. 9] to the Report and Recommendation. In addition to the information previously provided to the Court, Gonzales states that there are "no program or equipment available for indoor exercise. Nor is there an available area inside the jail sufficient for exercise for the inmates to engage in recreation such as running and jumping." [Doc. No. 9]. Gonzales also raised a new claim against Defendant Brown.[1] After he had written several administrative complaints, Gonzales claims that Brown called him into the hall and said he would "fix" Gonzales if he didn't "stop [writing] these ARPs." He further claims that he "suffered bruises on his chest" as a result of Brown's "physically poking" him.

Having fully reviewed the record in this matter, the Court ADOPTS IN PART Magistrate Judge Hayes's Report and Recommendation. The Court agrees with Magistrate Judge Hayes that Gonzales has failed to state a claim based on his medical care at MDC. His medical care claims against Defendants Smith and Pendergrass are DISMISSED WITH PREJUDICE.

---

[1] Gonzales also claims that a Sgt. Jackie Robinson verbally threatened him. Robinson is not a defendant, and the Fifth Circuit is clear that verbal insults and threats and do not establish a violation of a prisoner's constitutional rights. Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002).

For other reasons, the Court finds that Gonzales's claims based on his conditions of confinement must also be DISMISSED WITH PREJUDICE. Given the additional facts Gonzales alleged in his Objection, the Court has serious concerns about prisoner exposure to tobacco smoke and deprivation of exercise opportunities at MDC. If Gonzales remained at MDC, the Court would expect a full response from MDC on these claims. MDC and its officials should be prepared to address any future concerns raised by prisoners.

However, Gonzales cannot obtain the relief he requested. First, he has been moved to another facility, so his request for injunctive relief is MOOT. Second, Gonzales can only recover monetary damages for mental and emotional injuries if he also suffered a physical injury. See 42 U.S.C. § 1997e(e). He has not alleged any physical injury.[2] Therefore, these claims must also be DISMISSED WITH PREJUDICE.

The Court finds that Gonzales may proceed with a new claim raised in his objection. Gonzales has alleged that Defendant Brown physically retaliated against him for filing ARPs by poking him in the chest and bruising him. Because this claim has not been addressed, the case is REMANDED to Magistrate Judge Hayes for further proceedings.

MONROE, LOUISIANA, this 15 day of May, 2008.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2] Although Gonzales refers to smoke "burning his eyes" and "making him dizzy and nauseated," he does not allege that these conditions continued after the exposure. Further, he does not allege any physical injuries from his lack of exercise, although he suggests that a lack of exercise is not good for his mental health.