UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SPIKE GONZALES | CIVIL ACTION NO. 07-2156 |
| VS. | SECTION P |
| MOREHOUSE DETENTION CENTER, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* on December 10, 2007, by *pro se* plaintiff Spike Gonzales. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC). He is currently incarcerated at the Winn Corrections Center, Winnfield, Louisiana; however, he complained of conditions of confinement and the denial of prompt and adequate medical care at the Morehouse Parish Detention Center, where he was previously confined. On March 18, 2008, the undersigned authored a Report recommending dismissal of plaintiff's claims as frivolous and for failing to state a claim for which relief might be granted. [rec. doc. 8] On March 31, 2008, plaintiff filed a formal written objection to the Report and Recommendation in which he alleged, among other things,

> Upon writing several ARPs about exposure to tobacco smoke, lack of exercise, and a need of psychiatric care, Asst. Warden Brown called the plaintiff into the hall and verbally and physically abused the plaintiff for writing ARPs and threatened him with administrative segregation and verbally by saying 'I will fix you' if you don't stop writing these ARPs ... Spike Gonzales's physical and mental pain resulting from the attack as a result of Warden Brown's physically poking the plaintiff in the chest suffered bruises on his chest...[rec. doc. 9, pp. 2-3]

On May 15, 2008, the Court conducted a review of the pleadings and exhibits along with the

Report and Recommendation, and dismissed plaintiff's complaint as frivolous insofar as it complained of conditions of confinement and the denial of medical care. However, in light of the claims raised in plaintiff's objection, the Court determined that plaintiff should be allowed to proceed with his physical retaliation claim. Accordingly, the case was remanded for further proceedings. [rec. doc. 15]

> On July 1, 2008, the undersigned made the following observations:
>
> As a general rule, issues raised for the first time in objections to the Magistrate Judge's Report and Recommendation are not ordinarily considered by the court. *Cupit v. Whitley*, 28 F.3d 532, 535 n. 5 (5th Cir.1994). Plaintiff is an inmate proceeding *pro se* and therefore, some deference must be afforded him based upon that status. However, it should be noted that plaintiff did not allege when the act of physical retaliation occurred. If the complained of act occurred prior to the date that the Report and Recommendation was issued, plaintiff should explain why he did not raise the claim in an amended complaint.
>
> Further, plaintiff should provide more detail to describe the act of physical retaliation itself, and he should provide more detail with regard to the injury he claims to have sustained as a result of the physical retaliation. [rec. doc. 17]

Accordingly, plaintiff was ordered to provide the following information within 30 days:

> a. Plaintiff should allege the date that this event occurred and where it occurred; further, plaintiff should explain why he did not raise this claim in an amended complaint instead of in the objections to the Report and Recommendation;
>
> b. Plaintiff should state how many fingers the Warden used to "poke" him and how many times he was "poked;"
>
> c. Plaintiff should state where specifically on the chest he was "poked;"
>
> d. Plaintiff should describe in detail the injuries he sustained as a result of having been "poked" in the chest, for example, how many bruises he sustained, how long these bruises remained visible, and how long he experienced pain as a result of the injury;
>
> e. With regard to the injury, plaintiff should state whether or not he required medical attention for the injury and if so, the nature of the medical care he

received; in the event plaintiff claims that he requested but was denied medical care, he should state the nature of the treatment he desired but was denied. [rec. doc. 17]

Finally, plaintiff was advised, "Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure." [rec. doc. 17]

*Law and Analysis*

As noted in the original Report and Recommendation, the law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1. *Retaliation*

Plaintiff claimed that he was the victim of retaliation and described the act of retaliation as follows: "Asst. Warden Brown called plaintiff into the hall and [verbally] and physically abused the plaintiff for [writing] ARPs and threatened him with Administrative Segregation and [verbally] by saying 'I will fix you' if you don't stop [writing] these ARPs. Since this time the Plaintiff has been [verbally] attacked by a Sgt. Jackie Robinson. On February 12 Sgt. Robinson yelled at the plaintiff for doing pushups on a peanut butter jar. When the plaintiff asked for an ARP Sgt. Robinson ran up into [his] face and threatened to 'bust his head open.' He then

proceeded to call the plaintiff out into the hall and had his whole shift surround him and made a death threat by saying 'I know about your lawsuit and I will see to it that you sue no one." Plaintiff then claimed that Warden Brown's actions caused plaintiff to suffer bruises on his chest. [rec. doc. 9, pp. 2-3]

As shown above, plaintiff was directed to amend his complaint to provide additional details. He did not comply. Nevertheless, based on the facts thus far alleged, it is clear that plaintiff's claim is frivolous.

It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation.

Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997) (quoting *Woods*, 60 F.3d at 1166), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997); *McDonald v. Steward*, 132 F.3d 225 (5th Cir. 1998). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir.1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995), *cert. denied sub nom Palermo v. Woods*, 516 U.S. 1084(1996)).

While he has arguably pleaded a *prima facie* case of retaliation, his complaints are still subject to dismissal since plaintiff has not shown that the allegedly adverse acts complained of were anything more than *de minimis..* In *Morris v. Powell*, 449 F.3d 682 (5th Cir.2006), *cert. denied* --- U.S. ----, 127 S.Ct. 596, 166 L.Ed.2d 443 (2006) the Fifth Circuit analyzed a retaliation claim and concluded that it was subject to dismissal because the alleged retaliatory acts were insignificant. As noted by the Court, "The purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. [citation omitted] Some acts, though maybe motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim."

Here, plaintiff was, by his own admission, merely "poked" in the chest and verbally abused. Neither act would give rise to a cause of action under §1983. See *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993), *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997) (Verbal abuse does not give rise to a cause of action under §1983); see also *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) ("Not every malevolent touch by a prison official gives rise to a constitutional claim of excessive force..."). In other words, such acts are simply not "... capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris*, 449 F.3d at 686.

Further, these alleged acts of retaliation apparently occurred in January or February, 2008, and did not deter plaintiff from filing additional pleadings in the instant case. [see rec. docs. 7, 9, 10, and 12] Finally, plaintiff was transferred away from the allegedly offending institution

sometime in late April or early May, 2008, and is thus no longer subject to the retaliatory acts of Asst. Warden Brown or Sgt. Robinson.

In other words, plaintiff's retaliation claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## 2. Rule 41(b)

In the alternative, another ground for dismissal is available. Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff was directed to amend his complaint within 30 days of July 1, 2008. [rec. doc. 17] More than sixty days have elapsed and plaintiff has failed to comply with the order.

## 3. Conclusion

Therefore, based on the foregoing,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii);

In the alternative,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH**

**PREJUDICE** pursuant to the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 22nd day of September, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE